IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELA M. FOSTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-09-173 |
| § | |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND RECOMMENDATION
GRANTING PLAINTIFF'S MOTION FOR
AUTHORIZATION OF ATTORNEY'S FEES PURSUANT
TO 42 U.S.C. § 406(b)**

Pending before the Magistrate Judge is Plaintiff's Attorney, Victor N. Makris' ("Makris") Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Document No.22). Makris requests that the amount of $8,377.10 be approved for payment of attorney's fees for federal court representation of Plaintiff. According to Makris, the sum requested represents 25% of the approximately $33,508.40, in total past-due social security benefits that were awarded to Plaintiff, and which is consistent with the Fee Arrangement between Plaintiff and Makris, the fee arrangement form having previously been approved by the ALJ. In support of Makris' attorney's fee request, he attached a statement of Plaintiff[1] as well as a brief in support, in which Makris

---

[1] With respect to Makris' attorney's fees request, Plaintiff Angela M. Foster wrote:
I Angela Foster am the Plaintiff in this case. I have been informed that my
attorney Victor Makris is requesting that his fees be approved in this case. I am

addresses certain factors, including time and labor expended (considerable), time delays (none caused by him), preclusion of other work (counsel only accepts a limited number of Social Security appeals, so acceptance of the instant action precluded acceptance of other Social Security Appeals), customary fee ($250.00 per hour), results obtained (disability benefits with a retroactive commencement date of June 25, 2005.  This resulted in a total back pay award of $33,508.40),  time limitations (all deadlines were met), experience (counsel is highly experienced in this area of the law), contingent fee, and client's approval.   The requested fees do not exceed

---

    requesting the court to hear my opinion that he should be paid and this is the reason why.

    I am in my 60's now but I spent many years in the food service business in long hours on my feet as a cashier, catering, cook and I managed a snack bar and a restaurant.  Although I worked hard and ate healthy, even so I developed a lot of conditions that soon ganged up on me including heart problems, diabetes, high blood pressure and cholesterol, bronchitis, glaucoma, lung disease, emphysema, shortness of breath.  Struggling for breath just to get in and out of the house and do my normal work made me have to leave work.  Having to then to live without any income made me depressed and having anxiety just about every day because I was used to work.

    I filed for Social Security and was denied even though I was in my 60's.  My case was appealed to a Social Security judge who Social Security's website shows he denies 91% of his cases and was denied again.  I then hired Mr. Makris who reviewed by file and noticed that Social Security and the Judge turned me down even though my lung test showed I was presumably disabled under Social Security's own rules.  He presented the case to you regarding that and I feel very blessed that the government agreed that I should get a new hearing and that at my new hearing I was granted my back benefits.

    My contract with Mr. Makris is that he would received 25% of my back pay if he won my case which he did, and I feel just for having noticed what he did in my records and advocating for me to you and getting me a new hearing that his fee is reasonable and that he should get his money in the amount of $8,377.10.  So I am asking the court to please release this money he has coming due so that he also can get paid for his work.  The above statement is true.  With much respect. (Document No. 22, p. 15).

either the amount contracted for in the parties' contingency fee agreement or the 25% limitation of 42 U.S.C. § 406(b). Neither the Commissioner nor Plaintiff has objected to Makris' request for fees in the amount of $8,377.10. The Commissioner had filed a response on various points of law to be considered but has declined to take a position on the reasonableness of Makris' fee request. (Document No. 23). Having conducted an independent review of the record, including counsel's Brief in Support, which included Plaintiff's statement, and Makris' resume, the undersigned Magistrate Judge finds the motion was timely filed, and that the requested attorney fee amount of $8,377.10 is reasonable under the facts and circumstances of this case, in light of the nature and quality of the representation and the results achieved. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-809 (2002). Accordingly, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Document NO. 22) be GRANTED.

    First, the undersigned Magistrate Judge must consider the timeliness of the instant motion. 42 U.S.C. § 406(b) does not contain a specific time frame for the filing of a motion for attorney fees. The Fifth Circuit Court of Appeals has concluded that the time period for filing a motion under § 406(b) is governed by Fed.R.Civ.P. 54(d)(2). *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006). Rule 54(d) provides in pertinent part that "[u]nless a statute or court order provides otherwise," a motion for attorney's fees "must be filed no later than 14 days after entry of judgment." Fed.R.Civ.P. 54(d)(2)(B)(I). The Fifth Circuit recognized that when a case is remanded back to the Commissioner for further proceedings, the outcome of the proceedings before the Commissioner is unknown and therefore it would be premature for a plaintiff to file the Motion for Attorney Fees within fourteen days of entry of judgment. According to the court, the better course would be to file the motion in a timely manner after an award of benefits by the Commissioner. Consequently, the Fifth Circuit concluded that the deadline may be extended by

"order of the court." *Pierce*, 440 F.3d at 664.

Here, the instant action was remanded to the Commissioner on May 20, 2010. (Document No. 20).  A notice of award regarding Plaintiff's social security benefits was issued to Plaintiff on April 25, 2011.   Makris filed the instant motion on August 26, 2011, approximately four months after the favorable decision was issued by the Social Security Administration.  The Commissioner does not argue that this was untimely.  The undersigned Magistrate Judge finds that Plaintiff has moved for attorneys' fee within a reasonable time and that the motion is timely.

With regard to the recovery of attorney's fees, the Social Security Act, 42 U.S.C. § 406(b)(1)(A), provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Here, Plaintiff sought judicial review pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), of an adverse decision of the Commissioner of Social Security.  On March 2, 2010, the Commissioner filed a  Motion for Summary Judgment and Memorandum in Support thereof. (Document Nos.  13 & 14).  Plaintiff, in response, filed a cross Motion for Summary Judgement and Response to the Commissioner's Motion for Summary Judgment.  (Document No.17).  The Commissioner filed an unopposed Motion to Remand (Document No. 20), which was granted on May 20, 2010, and the matter was remanded to the Social Security Administration for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).  (Document No. 21).  Thereafter, a favorable decision was issued to Plaintiff, and she was awarded disability benefits and awarded past due disability benefits totaling $33,508.40.  In addition, pursuant to the written fee agreement,

25 percent of the back benefits was withheld ($8,377.10).

In *Gisbrecht v. Barnhart,* 533 U.S. 789, 122 S.Ct. 1817 (2002), the United States Supreme Court considered "[w]hat is the appropriate starting point for judicial determinations of 'a reasonable fee for [representation before the court]'? Is the contingent-fee agreement between claimant and counsel, if not in excess of 25 percent of past-due benefits, presumptively reasonable? Or should courts begin with a lodestar calculation (hours reasonable spent on the case times reasonable hourly rate) of the kind we have approved under statutes that shift the obligation to pay to the loser in the litigation?" (citation omitted). The Supreme Court concluded that § 406(b) did not displace contingent-fee agreements within the statutory ceiling. The Court wrote:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id* at 1827. In considering the reasonableness of a contingency fee award, a number of factors are considered, including the quality of the attorney's representation, whether the attorney engaged in dilatory conduct to increase the amount of past due benefits or whether the award constitutes a "windfall" for the attorney. *Gisbrecht*, 535 U.S. at 808, *Jeter v. Astrue*, 622 F.3d 371, 377 (5th Cir. 2010). With respect to an "unearned advantage," consideration must be given to whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.* According to the Fifth Circuit, an example where it would not be a windfall to compensate an attorney is where the success is attributable to the attorney's efforts. Simply put, "if a claimant's success on appeal can be attributed to his

5

attorney's endeavors before the district court, then that attorney should reap the benefit of his work – even if he managed to accomplish a great deal in a small window of time." *Id.* at 381.

The Fifth Circuit declined to prescribe an exhaustive list of precise factors that must be considered, in assessing the reasonableness of an attorney fee award, but identified factors that could be considered such as the risk of loss in the representation, experience of the attorney, percentage of the past due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consented to the requested fee. *Id.* at 381. Applying the factors suggested in *Jeter* it is clear that Makris obtained excellent results for Plaintiff. He filed a Motion for Summary Judgment and Memorandum in Support, which resulted in the Commissioner filing an unopposed Motion to Remand. At the administrative level, Plaintiff was awarded social security benefits and received a substantial amount in past due benefits. There is no evidence that Makris caused any unnecessary delay in the proceedings. The requested fee does not result in any windfall to Makris. The award of past due benefits totaling $33,508.40, and the continuing award of monthly disability benefits to Plaintiff was the direct result of Makris' advocacy. The amount requested is in accord with the fee agreement. Plaintiff has consented to the requested fee. Finally, Makris assumed a risk in accepting the instant representation. "'Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level." We note that before this Court, the success rate is significantly lower than the rate of success before district courts." *Jeter*, 622 F.2d at 380 n. 9 (quoting from *Mentzell v. Astrue*, 623 F.Supp.2d 1337, 1340-41 (M.D. Fla. 2008)). Upon this record, the amount sought by Makris is reasonable within the guidelines set by *Gisbrecht*.

Based on the foregoing, it is

6

RECOMMENDED that Plaintiff's Motion for Authorization of Attorney's Fees, Pursuant to 42 U.S.C. § 406(b) (Document No. 22) be GRANTED, and that Plaintiff's counsel, Victor N. Makris, be awarded $8,377.10 in attorney's fees.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the 14 day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 26th day of September, 2011.

Frances H. Stacy
United States Magistrate Judge